**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER REYNOLDS, | CASE NO. 1:10-cv-00051-OWW-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| H. A. RIOS, JR., et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Christopher Reynolds ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff is currently incarcerated at the United States Penitentiary in Atwater, California. Currently pending before the Court is the complaint, filed January 11, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Discussion

### A.     Bivens Actions

Plaintiff is a prisoner in federal custody and is seeking relief pursuant to Bivens which recognized a private action where federal officers are alleged to have violated the constitutional rights of citizens. Correctional Services Corporation v. Malesko, 534 U.S. 61, 66 (2001). "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, a Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25.

**B.     Linkage Requirement**

Plaintiff is required to show that (1) each defendant acted under color of law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.

In this instance, Plaintiff has not sufficiently linked any defendant named in his complaint to any acts or omissions that purportedly led to the violation of those rights. Plaintiff names Defendants Warden H. A. Rios, Jr., Regional Director B. McFaden, Director H. Lappen, and the Federal Bureau of Prisons alleging that his rights under the First and Fourteenth Amendments have been violated by Defendants rejecting regularly published magazines, such as Vanity Fair, W, Esquire, and GQ, because a female breast is exposed. The statement that Defendants rejected magazines is not sufficient to establish what Plaintiff alleges each defendant did to violate his federal rights.

Although Plaintiff alleges his rights under the First and Fourteenth Amendments were violated, these assertions do not suffice to show that Plaintiff's constitutional rights were violated by these Defendants. Iqbal, 129 S.Ct. at 1949-50. The allegations contained in the complaint do not link the named defendants to any act or failure to act that violated his constitutional rights. Iqbal at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297 F.3d at 934; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for his claims against each defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. Iqbal at 1949-50. In the paragraphs that follow, the Court will provide Plaintiff with the

legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### C.    First Amendment

There is a liberty interest in communication by mail that is protected by the Fourteenth Amendment.  Procunier v. Martinez, 416 U.S. 396, 418 (1974) overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Regulations regarding the review of incoming mail are evaluated under the standards set forth in Turner v. Safely, 482 U.S. 78 (1987), that they must be reasonably related to a legitimate governmental interest, Thornburgh, 490 U.S. at 404.  Under Turner, the factors considered are 1) whether the regulations further a neutral and legitimate governmental objective and are rationally related to the objective; 2) if "alternative means of exercising the right" are available; 3) the impact that accommodation of the right will have on others at the facility; and 4) they are not an "exaggerated response" to facility concerns.  Thornburgh, 490 U.S. at 414, 417-19.  See ; Mauro v. Arpaio, 188 F.3d 1054 (9th Cir. 1999) (pretrial detainee's rights are not violated by prohibition on material containing frontal nudity); Harper v. Wallingford, 877 F.2d 728 (9th Cir. 1989) (prisoner's rights are not violated by regulation withholding mail from organization espousing consensual sexual relationships between adult males and juvenile males); Amatel v. Reno, 156 F.3d 182 (D.C. Cir. 1998) (federal prisoner's First Amendment rights are not violated by Bureau of Prisons regulation prohibiting publications that are sexually explicit or contain nudity).

### D.    Fourteenth Amendment

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought.  Id.  The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480 (1995).

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss.  Hudson v. Palmer, 468

4

U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533.

### E.   Injunctive Relief

Plaintiff brings this action seeking injunctive relief, in addition to costs, requiring the Bureau of Prisons to send a copy of the courts decision by registered certified mail, with a return receipt requested, to every single inmate currently incarcerated at a federal facility. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff's request for injunctive relief, even if he were to prevail on his claim, would extend further than necessary to correct a violation of his constitutional rights and is not cognizable.

### III.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

1 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed January 11, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 10, 2011

UNITED STATES MAGISTRATE JUDGE